UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

MICHAEL JOHN SIMON,                          Case No. 06-54288-MBM
                                             HON. MARCI B. MCIVOR
                                             Chapter 7
                Debtor,
_____/

GENERAL RV. CENTER, INC.,

          Plaintiff,

v.                                           Adversary Case
                                             No.
MICHAEL JOHN SIMON,

          Defendant,
_____/


COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT AND OBJECTING TO DEBTOR'S DISCHARGE


        GENERAL RV. CENTER, INC., ("GRV" or "Plaintiff"), through its attorney, Martin W.

Bordoley, P.C., states the following for its Adversary Complaint against the Defendant:

                        JURISDICTIONAL ALLEGATIONS

        1.      MICHAEL JOHN SIMON. debtor, filed his petition for relief under Chapter 7,

on October 20, 2006 (the "Petition Date").

        2.      Plaintiff is a creditor of the Debtor.

        3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334 and this

matter is governed by the procedures set forth in 28 U.S.C.. 157 and Bankruptcy Rule 7001, This

matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(l) and (J).

-1-

## GENERAL ALLEGATIONS

4. Plaintiff incorporates by this reference paragraphs 1 through 3 as if fully stated herein.

5. For several years prior to the Petition Date and as is fully set forth below, Defendant was and independent accountant, utilized by GRV.

6. For many years prior to 2002 and specifically, during years 2003, 2004 and 2005, GRV maintained an accountant/client relationship with Simon Professional Services , P.C. dba Hoffman and Simon, P.C. (H & S) which at all times pertinent was, and is under the full and complete control and ownership of the Defendant Debtor.

7. That said accountants would provide professional accounting services to GRV including, but not limited to, the calculation and determination of the amounts due from GRV to the State of Michigan for sales and withholding taxes, and to properly remit such amounts to the State of Michigan.

8. In the course of performing those professional accounting services during the periods as stated above, H&S and Simon would, from time to time, come to the offices of GRV in Wixom, Oakland County, Michigan to review the books and records of GRV and to obtain whatever financial information as was necessary to make the appropriate tax computation. Thereafter; H&S and Simon would leave the offices of GRV with a check drawn upon GRV's commercial checking account made payable to the "State of Michigan" only and signed by a duly authorized officer and/or director of GRV with the amount of the check left blank.

9. Thereafter, H&S and Simon would perform the necessary computation to determine the specific amount of the sales and withholding taxes due from GRV to the State of Michigan. H&S, by Simon, would then insert that amount in each of the foregoing check(s) and thereafter, remit the same together with the appropriate remittance advice to the State of Michigan.

-2-

10.    H&S, by Simon, with each and every check so prepared, would then advise GRV's Controller and CPA by telephone and, at times, by facsimile, of the amount calculated by him and inserted by him into each and every one of the foregoing check(s) following which such amount would then be recorded on the books and records of GRV as the amount(s) actually paid by GRV to the State of Michigan for sales and withholding taxes.

11.    At various times between November 15, 2002 and August 15, 2005, unbeknownst to GRV and without authorization, H&S, by Simon, would alter the name of the payees on substantially all of the foregoing checks made payable to the "State of Michigan" to also include H&S as an additional named payee following which H&S, by Simon, would negotiate the materially altered instruments by endorsing the same for deposit into H&S's bank account at Comerica Bank

12.    In addition to the foregoing, H&S, by Simon, negotiated no less than three GRV checks made payable to the "State of Michigan" only, without alteration by endorsing the same for deposit into H&S's bank account at Comerica Bank.

13. During the period of time between November 15, 2002 and August 15, 2005, after H&S, by Simon, negotiated the foregoing altered and unaltered instruments, H&S, by Simon, would thereafter issue its own check made payable to the State of Michigan for a lesser amount than that amount actually reported by H&S and Simon to GRV for the sales and withholding taxes paid to the State of Michigan. H&S, by Simon, would then remit that lesser amount to the State of Michigan f/b/o GRV for its sales and withholding taxes. H&S, by Simon, would then wrongfully retain and disburse to Simon the amount of the difference between such lesser amount paid by H&S and Simon to the State of

Michigan and the amount actually reported to GRV as actually having been paid to the State of Michigan for its sales and withholding taxes for the personal use and benefit of H&S and Simon without authorization from GRV.

14.     In late 2005, the State of Michigan conducted an audit of GRV at which time GRV learned for the first time that it had been unknowingly underpaying its sales and withholding taxes by the amounts wrongfully taken by H&S and Simon. This was the first time GRV discovered the unauthorized and fraudulent acts of H&S and Simon.

15.     On November 10, 2005, GRV filed a Notice of Forgery and Affidavit Negotiable Instruments with 5/3 arising out of and in connection with the foregoing checks which had been forged and/or altered by H&S, by Simon, without authorization and endorsed and deposited into H&S's bank account at Comerica Bank, and wrongfully paid by 5/3.

16. On or about December 6, 2005, in addition to the foregoing, H&S and/or Simon attempted to use an American Express credit card in the name of GRV to secure a debit to GR's foregoing commercial checking account at 5/3 without authorization in the amount of $26,281.44.

17.     H&S, by Simon, knowingly and intentionally altered and negotiated each of the foregoing instruments for the benefit of H&S and Simon without authorization from GRV to do so and with the intention that such alterations, endorsements and negotiation would be relied upon by Comerica Bank and any intermediary bank, and, in turn, 5/3 to induce 5/3 to make an improper and illegal payment of money to H&S and Simon to which neither of them were legally entitled.

18.     H&S and Simon failed to disclose and otherwise concealed their fraudulent conduct from GRV for over three (3) years with the intention that GRV would rely upon

Simon's advice on a monthly basis to its Controller of the correct amount being remitted by H&S and Simon to the State of Michigan f/b/o GRV for sales and withholding taxes when H&S and Simon knew such verbal advice was false and fraudulent when made.

19.     Pursuant to the accountant/client relationship for professional services established as stated above, H&S and Simon owed a fiduciary duty to their client, GRV.

20.     H&S and Simon breached that fiduciary duty by, among other breaches, engaging in that fraudulent and illegal activity more specifically described in Count III hereof, to the detriment to their client, GRV.

21. As a direct, natural and proximate result of the breach of fiduciary duty by

H & S and Simon owed to GRV, GRV claim in the amount described by the petitioner and all foreseeable damages related thereto including but not limited to, as best as it can amount of $1,137,664.19 on those checks altered by H&S and Simon to include the additional name payee of H&S and deposited into H&S's account at Comerica Bank and wrongfully paid by 5/3 and (ii) in the amount of $176,525.07 on those checks not altered by Simon but made payable to the State of Michigan only and deposited into H&S's account at Comerica Bank and wrongfully paid by 5/3, plus any penalties and interest that may hereafter be assessed by the State of Michigan against GRV for the underpayment of any sales and withholding taxes.

COUNT I

NONDISCHARGEABILITY OF DEBT PURSUANT TO

11 U.S.C. 523(a)(2)(A)

22.     Plaintiff incorporates by this reference paragraphs 1 through 21 as if fully set forth herein.

-5-

23.     By improperly and unlawfully obtaining money from GRV, in the manner described herein and above, Debtor obtained money and property by false pretenses, false representations and/or actual fraud .

24.     As a result of these actions, the Debtor's debt owed to GRV should be excepted from discharge pursuant to 11 U.S.. C. 523(a)(2)(A).

WHEREFORE, GRV requests that this Court enter a Judgment in its favor and against the Debtor, determining that the debt owed by the Debtors to GRV, in an amount not less than 1.3 million ($1,300,000.00) dollars, shall be excepted from discharge pursuant to Section 523(a)(2)(A)..

## COUNT II

### NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. 523 (a)(4)

25.     Plaintiff incorporates by this reference paragraphs 1 through 24 as if fully set forth herein.

26.     By improperly and unlawfully obtaining money from GRV, in the manner described herein and above, Debtor obtained money and property by false pretenses, false representations and/or actual fraud and committed an embezzlement and/or larceny of GRV's property.

27.     As a result of the Debtor's actions, the debt owed by the Debtor to GRV should be excepted from discharge pursuant to 11 U.S.C. 523(a)(4).

WHEREFORE, GRV requests that this Court enter a judgment in favor of GRV and against the Debtors, jointly and severally, determining that the debt owed by the Debtors to ML, in the amount of not less than 1.3 million ($1,300,000.00) dollars, is excepted from discharge pursuant to Section 523(a)(4).

<div align="center">COUNT III</div>

<div align="center">NONDISCHARGEABIL1TY OF DEBT PURSUANT TO 11 U.S.C. 523(a)(6)</div>

28.    Plaintiff incorporates by this reference paragraphs 1 through 27 as if fully set forth herein.

29.    By taking and misappropriating the property and cash of GRV and using them for his own personal benefit, the Debtor converted GRV's property for his own personal use.

30.    The Debtor's actions in converting this property were willful and malicious and caused injury to GRV.

31.    As a result of Debtor's conversion of by Debtor to GRV should be excepted from discharge pursuant to 11U.S.C.. Section 523 (a) (6).

WHEREFORE, Plaintiff requests that this Court enter a judgment in favor of GRV and against Debtor, determining that the debt owed by Debtor to GRV, in the amount of not less than 1.3 million ($1,300,000.00) dollars, shall be excepted from discharge pursuant to 11 U.. S.C. 523(a)(6).

<div align="center">COUNT IV</div>

<div align="center">TREBLE DAMAGES PURSUANT TO M.C.L.A. 600.2919a</div>

32.    Plaintiff incorporates by this reference paragraphs 1 through 31 as if fully set forth herein.

33.    As the party damaged as a result of Debtor's knowing receipt of the property embezzled and converted by Debtors from ML, GRV may recover three (3) times the amount of its actual damages, plus costs and reasonable attorney's fees, pursuant to M..C..L..A. 600.,2919a.

<div align="center">-7-</div>

WHEREFORE, Plaintiff requests that this Court enter a Judgment in favor of GRV, and against Debtor, determining that the debt owed by the Debtor to GRV, in the trebled amount of not less than 3.9 million ($3,900,000 00) dollars, plus costs and reasonable attorney fees, be excepted from discharge pursuant to 11 U.S.C.. Section 523(a)(2)(A), (4) and/or (6).

<div style="margin-left: 40%;">

Martin W. Bordoley, P.C.

By: _____

Martin W. Bordoley (P11008)
Attorney for General RV Center, Inc.
30300 Northwestern Highway
Suite 321
Farmington Hills, Michigan 48334
(248) 352-7680-Ext. 356

</div>

-8-